IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LVGENFEZTER, | No. CIV S-11-0396-FCD-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| EUGENE DAYTON PRINGLE, JR., | |
| Defendant. | |
| _____/ | |

       Defendant Pringle filed a notice of removal from Lassen County Superior Court on February 14, 2011. Defendant noted the basis for the removal action as 28 U.S.C. §§ 1331, 1332 and 1441(b), referring to diversity and federal question jurisdiction. Pursuant to 28 U.S.C. § 1446(c)(4), this court is required to examine the notice of removal and determine whether the removal should be permitted or be summarily remanded.

       This court has jurisdiction over actions properly removed from State court pursuant to either 28 U.S.C. § 1331 or § 1332. Section 1331 provides this court with original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. Section 1332 provides this court with diversity jurisdiction over civil actions where the amount in controversy exceeds $75,0000, and is between citizens of different States. Section

1441 provides that civil actions brought in a State court for which this court would have either original or diversity jurisdiction are removable.

Here, defendant's notice of removal notes that the original action was commenced in the Superior Court of Lassen County based on a California Vehicle Code citation. He claims, rather inapposite, that "[t]his civil action arises under the First, Fourth, Fifth, Ninth and Fourteenth Amendment . . . ." He further alleges that "[t]his suit arises under an act of congress regulating 'commercial motor vehicle' and their 'drivers' called 'chauffeurs' and 'operators' and the corresponding State motor vehicle code regulating the same subject matter . . . ."

It is clear to the undersigned that this court has no jurisdiction to hear this case and this action should be remanded to the State court. Defendant was cited by the California Highway Patrol for violation of the California Vehicle Code. Such action is not a "civil action" arising under the Constitution, as defendant seems to imply. Therefore, this court does not have original jurisdiction to hear this case pursuant to § 1331. Similarly, this is not a "civil action" where this court has diversity jurisdiction based on defendant's residence in Oregon, and the violation occurring in California. In fact this is not a "civil action" at all, and therefore does not fall within this court's removal jurisdiction.

Based on the foregoing, the undersigned recommends that this action be summarily remanded to the Lassen County Superior Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written

/ / /
/ / /
/ / /
/ / /
/ / /

1 objections with the court. Responses to objections shall be filed within 14 days after service of
2 objections. Failure to file objections within the specified time may waive the right to appeal.
3 See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 25, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE